IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD N. PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-177 (MTT) |
| | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants Board of Regents of the University System of Georgia, Paul Jones, Denise Eady, and Kendall Isaac have moved to dismiss in part Plaintiff Donald Pittman's complaint. Doc. 8. In response, Plaintiff amended his complaint, rendering moot Defendants' motion to dismiss with one exception.[1] Doc. 18. The amended complaint retains the age discrimination claim under Georgia's Fair Employment Practices Act of 1978 against the Board, which Defendants moved to dismiss. Docs. 8-1 at 7; 18 at 17. Accordingly, the Court will now address the merits of the "FEPA" claim. For the following reasons, Defendants' partial motion to dismiss is **GRANTED**, and the FEPA claim is **DISMISSED without prejudice**.

---

[1] In his amended complaint, Plaintiff now asserts a Title VII claim for sex discrimination against the Board, a Section 1983 claim for sex discrimination against Defendants Jones and Eady in their individual capacities, a Section 1983 claim for due process violation against Defendants Jones, Eady, and Isaac in their individual capacities, and a claim for age discrimination pursuant to Georgia's Fair Employment Practices Act of 1978 against the Board. *See generally* Doc. 18.

## I. DISCUSSION

### A. Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993) (citations omitted).

**B.     Georgia Fair Employment Practices Act Claim against the Board**

In his amended complaint, Plaintiff alleges that the Board of Regents violated Georgia's FEPA.  Doc. 18 at 17-18.  However, the Board argues that "[t]here is no evidence that Plaintiff complied with the administrative prerequisites" to bring an FEPA claim in court.  Doc. 12 at 6.  The Court agrees.  O.C.G.A. § 45-19-36 "provides that a person aggrieved by an unlawful practice may file an administrative complaint; it addresses the filing of administrative, rather than judicial complaints."  *Solomon v. Hardison*, 746 F.2d 699, 704 (11th Cir. 1984).  This provision requires a plaintiff to file a complaint with the administrator of the Georgia Commission on Equal Opportunity, who then determines whether there is reasonable cause that the respondent has engaged in an unlawful practice.  *Id.*  "The filing of suit in court occurs only *after* the aggrieved individual has proceeded through the administrative framework in the applicable provisions."  *Id.* (emphasis added); *see also Edward v. Shalala*, 846 F. Supp. 997, 1001 n.7 (N.D. Ga. 1994) ("Under Georgia's FEPA, complainants must, as in Title VII cases, go through administrative procedures and cannot institute suit unless and until an unfavorable decision is made by the administrative body." (citation omitted)).

In this case, Plaintiff's amended complaint does not allege that Plaintiff filed a complaint with the Georgia Commission on Equal Opportunity.  Rather, Plaintiff raises two arguments: (1) he claims this Court "has pendant jurisdiction over Plaintiff's FEPA claim" and this satisfies GCEO's exhaustion requirement; and (2) he claims that, because he timely filed his complaint with the EEOC, and because "the process for filing a charge of age discrimination with the EEOC and the GCEO are nearly identical,"

requiring him to file a complaint with the GCEO would be "duplicative." Docs. 10 at 8; 16 at 5. Neither argument merits much discussion.

First, Plaintiff contends that because the Title VII and FEPA claims involve a common nucleus of operative fact, this Court has pendant jurisdiction over the FEPA claim. Doc. 10 at 8. Plaintiff then contends that based on the purpose of pendant jurisdiction "to streamline litigation and to decrease the temporal and financial costs inherently associated with litigation," fulfilling federal EEOC requirements is an appropriate substitute when bringing state claims of discrimination. *Id.* at 9. To support this proposition, he cites a case which held that "superior courts in Georgia have subject matter jurisdiction over timely Title VII claims filed pursuant to EEOC notification to the claimant. . . ." *Collins v. Dept. of Transp.*, 208 Ga.App. 53, 56, 429 S.E.2d 707, 709 (1993). Clearly, that case involved whether a superior court has original jurisdiction over Title VII claims and in no way suggests that filing an EEOC complaint is a substitute for filing a complaint with the GCEO. *See id.* at 56, 429 S.E.2d at 710 ("The superior courts' appellate jurisdiction over state FEPA claims does not affect their original jurisdiction over Title VII claims."). Thus, Plaintiff's reliance on *Collins* is misplaced. Even if this Court had pendant jurisdiction over GCEO appeals, that would not obviate GCEO's exhaustion requirement.

Further, even if the EEOC and GCEO have a similar process for filing a charge of age discrimination, GCEO's exhaustion requirement must still be met to bring a state FEPA claim. As discussed above, Georgia's FEPA requires an aggrieved individual to file a claim with the administrator of the GCEO, who may then refer the case to a special master or issue a notice of rights letter. O.C.G.A. § 45-19-36. Plaintiff did not

exhaust his state administrative remedies before bringing his FEPA claim. The failure to do so is significant. While Plaintiff states in his amended complaint that he received a right-to-sue letter from the EEOC (Doc. 18 at 3), there is no language in the FEPA indicating that filing a complaint with the EEOC substitutes the state administrative procedure for filing one with the GCEO. Indeed, these are two separate procedures. *See Owens v. Pineland Mental Health, Mental Retardation & Substance Abuse Servs.*, 2012 WL 2887007, at 3 (S.D. Ga.) (finding that because "Plaintiff's Complaint only indicates that she received a right to sue letter from the EEOC" and "nothing regarding a claim filed with the GCEO," dismissal for failure to exhaust administrative remedies is appropriate). Accordingly, because Plaintiff failed to exhaust his state administrative remedies within 180 days after the alleged unlawful practice occurred, Plaintiff's claim pursuant to Georgia's Fair Employment Practices Act is **DISMISSED without prejudice**. *See* § 45-19-36(b) (setting forth the exhaustion requirement).

## II. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is **GRANTED**.

**SO ORDERED**, this 16th day of October, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
